IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30153
Summary Calendar

_____

MITCHELL RUSSO,

Plaintiff-Appellant,

v.

JEFFERSON PARISH WATER DEPARTMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CV-2134-N
_____
February 12, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Mitchell Russo appeals from the district court's partial grant of summary judgment in favor of defendant-appellee Jefferson Parish Water Department ("JPWD"). The district court found that the doctrine of collateral estoppel precludes Russo from maintaining his claims under the Family and Medical Leave Act of 1993. For the reasons discussed below, we AFFIRM.

**Background**

JPWD employed Russo, first as an operator and then as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

superintendent, from 1980 until 1995. Russo alleges that, in the Spring of 1995, he informed his supervisor that he was suffering from obstructive sleep apnea and requested that JPWD accommodate his condition by allowing him to avoid rotating shift work and compulsory overtime. Russo claims that his supervisor denied those requests.

On July 18, 1995, Russo placed a written request for a medical leave of absence on his supervisor's desk. Russo sought leave from July 18 through August 31, 1995, and did not return to work after making his request. The employer denied the request and subsequently scheduled a meeting to discuss Russo's leave request and his continued employment at JPWD. Russo informed JPWD that he could not attend the meeting as set for August 14, 1995. JPWD nonetheless held to its original meeting time, and Russo did not attend. In a letter dated August 17, 1995, JPWD terminated Russo's employment. The employer cited Russo's insubordination in failing to attend the August 14, 1995 meeting as the basis for its adverse employment action.

On September 12, 1995, Russo contested his termination by filing a petition of appeal to the Jefferson Parish Personnel Board ("Board"). In his petition, Russo claimed that he had not been insubordinate in failing to attend the August 14 meeting and that his termination violated the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

In response to Russo's appeal, a hearing was held on December 14, 1995. At the hearing, Russo was represented by an

2

attorney and was able to present evidence and cross-examine witnesses. The hearing officer viewed Russo's FMLA and ADA claims as an affirmative defense to JPWD's explanation for the termination. He began the hearing by explaining that Russo could proceed with his affirmative defense after JPWD concluded its case-in-chief, in which it would have to justify the termination by a preponderance of the evidence.

At several points during the proceeding, the hearing officer sustained JPWD's objections to the appellant's questions regarding Russo's accommodation and leave requests, his physical and mental condition, his reasons and documentation for failing to attend the August 14 meeting, and the FMLA's requirements. Although refusing to allow Russo to raise certain issues during the employer's case-in-chief, the hearing officer did indicate that Russo would be able to recall the employer's witnesses as hostile witnesses when the time came to present his affirmative defense. Further, the hearing officer stated that, at the conclusion of the hearing, Russo could proffer evidence he was not able to elicit from the employer's witnesses and could submit a brief to counter any perceived inadequacies of the hearing.

Russo was the only witness to testify on his behalf. After Russo testified, the hearing officer temporarily left the matter open in case Russo decided to call additional witnesses. There is no indication in the record that the appellant ever provided additional evidence or briefs to support his claim.

On February 28, 1996, the Board issued its decision, finding

that JPWD was justified in terminating Russo's employment. In reaching this conclusion, the Board stated:

> The appellant [Russo] urges by way of [an] affirmative defense that he somehow was discriminated against in that the appointing authority, in view of the terms and conditions of the Family [and] Medical Leave Act, . . . somehow treated [him] inappropriately. Suffice it to say, . . . this appellant failed to maintain his burden in going forward with the evidence regarding the specificity required not only in pleading such an affirmative defense but also in offering evidence to support such a claim.

Russo had a right to appeal the Board's decision to a state court of appeals, but he instead filed the instant suit in federal district court.

On January 16, 1998, the district court granted in part and denied in part JPWD's motion for summary judgment. The court denied the motion with respect to Russo's claims under the ADA after finding that the Board's decision did not preclude Russo from proceeding with those claims. With respect to Russo's FMLA claims, however, the district court found that doctrine of collateral estoppel precluded Russo from re-litigating the issues raised by those claims. In reaching this conclusion, the district court found that the administrative hearing had afforded Russo a full and fair opportunity to be heard and that his FMLA claims had been essential to the judgment rendered by the Board. The district court also dismissed Russo's pendant claim under La. Rev. Stat. Ann. § 51:2242 for lack of subject matter jurisdiction and granted summary judgment in favor of JPWD with respect to Russo's claims for punitive damages. The district court subsequently ordered judgment pursuant to Fed. R. Civ. Pro.

4

54(b). Russo filed a timely Notice of Appeal and now challenges the district court's grant of summary judgment as it pertains to his claims under the FMLA.

## Discussion

The question presented is whether Russo's FMLA claims are precluded by the Jefferson Parish Personnel Board's decision affirming JPWD's termination of Russo's employment. "The federal courts must give an agency's fact finding the same preclusive effect that they would a decision of a state court, when the state agency is acting in a judicial capacity and gives the parties a fair opportunity to litigate." *Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997) (citing *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986)). If a state agency decision is unreviewed, as in this case, the law of the forum state and the application of the criteria set forth by *Elliott* determine whether the agency decision has a preclusive effect. *See* 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.32[2] (3d ed. 1997). Where a "valid and final judgment is conclusive between the same parties, except on appeal or other direct review," Louisiana recognizes the doctrine of collateral estoppel "with respect to any issue actually litigated and determined if its determination was essential to that judgment." La. Rev. Stat. Ann. § 13:4231.

An exception to the presumption in favor of collateral estoppel applies "if Congress manifests an intent, pursuant to a statutory scheme, that state administrative decisions have no

such preclusive effect." *Id.* In this case, the appellant has not challenged the district court's conclusions that the Board acts in a judicial capacity and that its decisions, as a general rule, may serve as the basis for applying collateral estoppel against FMLA litigants. Because the appellant has not raised the issue, we need not inquire whether the FMLA evinces any Congressional intent to deviate from the presumption favoring collateral estoppel. We will assume for the purpose of this appeal that preclusive effect may be given to a state administrative agency's resolution of FMLA claims.

Russo argues that he did not have a full and fair opportunity to litigate his FMLA claims before the Board. First, Russo seeks to distinguish the question addressed by the Board-- i.e., whether JPWD was justified in terminating Russo based on his failure to attend the meeting on August 14, 1996--from the claim that he raised before the district court--i.e., that JPWD violated the FMLA by denying his leave request and by terminating him for failing to report to work while on a leave that should have been recognized as proper under the FMLA. We fail to see the distinction. To reach the conclusion that JPWD was justified in terminating Russo for his failure to attend the August 14 meeting, the Board necessarily had to have found that he was not away from work on an FMLA-covered leave of absence. Russo in fact recognized this when he argued before the hearing officer:

> If the issue here is the justification of this
> termination and Mr. Russo should have been on a leave
> of absence during this time frame, legally, and that
> the Appointing Authority decided that they weren't

6

> going to grant that leave, in violation of the law, then the request to come in on the 14th is also violative of the law. And his failure to come in on that time, because he was on what should have been his leave of absence, would have been justified. And I think that's extremely relevant to this proceeding.

Because the question whether Russo's leave request should have been granted was subsumed within the question whether the JPWD was justified in terminating him, Russo cannot now distinguish the claim addressed by the Board's decision from the claim made before the district court.

Second, Russo argues that, even if his FMLA claims were necessarily decided by the Board's resolution of his appeal, he was not afforded a full and fair opportunity to litigate those claims. After reviewing the record, we agree with the district court that Russo had every incentive to litigate fully his FMLA claims before the Board and that he was afforded the opportunity to do so. The possibilities for the appellant to present his challenge to the termination by calling witnesses and submitting written argument in support of his claims outweigh the instances in which the hearing officer sustained objections to FMLA-related questions. Russo's decision not to pursue his claims more rigorously does not negate the overall fullness and fairness of the administrative hearing and the resulting decision.

We therefore AFFIRM the decision of the district court.

7